UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | |
| | : | |
| **LUIS MIGUEL TEIXEIRA-SPENCER,** | : | **VIOLATION:** |
| and **OLATUNJI DAWODU,** | : | 21 U.S.C. § 846 |
| | : | (Conspiracy to Distribute Controlled |
| **Defendants.** | : | Substances) |
| | : | |

## GOVERNMENT'S MOTION TO SEAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court for an Order directing that the indictment, warrants, and other related materials be placed under seal until further order of the Court. In support of its motion, the Government states as follows:

The government's request for arrest warrants is part of an ongoing covert investigation. At this time, the government requests that the indictment, arrest warrants, the government's Motion to Seal and the accompanying Order to Seal, be placed under seal because they, in substance, are part of, or relate to, an ongoing investigation. More specifically, disclosure of these documents through their inclusion on the public docket would endanger other aspects of the government's ongoing investigation, including the destruction of evidence. In particular, disclosure might alert individuals who are the subject of the investigation of the existence and extent of the investigation, and it might alert these same individuals of the particular methods being used by law enforcement to investigate their criminal activities. The targets are not aware of the investigation and are not currently in custody. As such, disclosure would undoubtedly frustrate the investigation, likely cause some subjects of the investigation to flee and/or destroy evidence, and could endanger the safety of law enforcement agents and witnesses. Accordingly, these facts present an extraordinary

situation and a compelling governmental interest which justify sealing of this indictment and the arrest warrants. *See Washington Post v. Robinson*, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991); *United States v. Hubbard*, 650 F.2d 293, 316-17 (D.C. Cir. 1980).

Notwithstanding the sealing of these materials, the government requests that it be permitted to disclose the materials in furtherance of its law enforcement and prosecution needs and discovery obligations.

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the indictment, arrest warrants, and other related materials placed under seal.

Respectfully submitted,

MICHAEL SHERWIN
ACTING UNITED STATES ATTORNEY
N.Y. Bar No. 4444188

By:  /s/   Laura Crane
Laura Crane
Assistant United States Attorney
D.C. Bar No. 992454
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-252-7667
laura.crane@usdoj.gov