UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CRIMINAL NO. 21-CR-145 (JDB) |
| LUIS MIGUEL TEIXEIRA-SPENCER, : | |
| and OLATUNJI DAWODU, : | |
| : | |
| Defendants. : | |

MOTION FOR EMERGENCY
REVIEW AND APPEAL OF RELEASE ORDER

COMES NOW, the United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, and respectfully moves this Court, first, to hear an appeal to review and overturn the Magistrate Judge's denial of the Government's motion for pretrial detention. In support whereof, we submit as follows:

BACKGROUND

1. On February 22, 2021, a grand jury returned an indictment charging Defendants Spencer and Dawodu with one count of Conspiracy to Distribute 400 grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl (Case No. 21-CR-145). On March 1, 2021, a grand jury returned a related indictment charging Defendant Dawodu and a third individual (Alex Ogando) with one count of Conspiracy to Distribute 400 grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl (Case No.21-CR-163). The charges stem from the defendants' involvement in a narcotics trafficking conspiracy where they using darknet sites to distribute pills pressed with fentanyl, using the U.S. Postal Service. As part of this investigation, search warrants were executed at the residences of Spencer, Dawodu, and Ogando. Law enforcement recovered the following items during the searches of the residences:

- **Dawodu's Residence** (Ft. Lauderdale, FL)

    o   Approximately 1,400 grams of pills containing suspected fentanyl (consistent with pills ordered through the darknet markets);

    o   Numerous electronic devices; and

    o   Approximately 30 USPS mailing envelopes, consistent with those used to ship drugs during the course of the conspiracy.

- **Ogando's Residence** (Providence, RI)

    o   Approximately $370,000 in U.S. currency;

    o   A money counter;

    o   Numerous electronic devices;

    o   More than 1,770 grams of pills that field tested positive for fentanyl;

    o   Approximately 30 USPS Priority Mail envelopes with filled pill orders (pills had been packed in the envelopes, but no labels had yet been affixed) containing an additional approximately 363 grams of suspected fentanyl pills.

- **Spencer's Residence** (Ft. Lauderdale, FL)

    o   More than $12,000 in U.S. Currency;

    o   Numerous digital devices; and

    o   Ledgers.

2. Defendants Spencer and Dawodu appeared for an initial appearance before Magistrate Judge Jared M. Strauss in the Southern District of Florida (Ft. Lauderdale) on February 24, 2021. A detention hearing was set for March 3, 2021; however, after several requested continuances from defense counsel, the detention hearing was ultimately held on March 31, 2021 (before Magistrate Judge Strauss). At the defendants' initial appearances, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142(f)(1)(C) of the federal bail statute,

as well 18 U.S.C. § 3142(f)(2)(A), which as under which was granted by the Court.[1] The court set a detention hearing for Friday, April 19, 2019, before Magistrate Judge Deborah A. Robinson.

3. The parties appeared for the detention hearing before Judge Strauss on March 31, 2021. During the detention hearing, the Government outlined the reasons why the defendant should be held without bond. The government's oral argument at the detention hearing was supplemented by the Government's oral proffer regarding the investigation.[2] At the conclusion of the hearing, Judge Strauss denied the government's request to detain the defendants pending trial, and released Defendants Spencer and Dawodu on cash bonds and placed them on home detention (Defendant Spencer was to reside with a cousin in Providence, Rhode Island and Defendant Dawodu was to reside with a friend in Miami, Florida). The Government asks this Court to review Judge Strauss's detention determinations.

## THE INVESTIGATION

4. Add details

5. Sss

## THE BAIL REFORM ACT

6. Title 18, U.S.C. § 3145(a) states:

**(a) Review of a release order –** If a person is ordered released by a magistrate, . . .

> **(1)** the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . .

---

[1] Additionally, based on evidence of obstruction by Defendant Spencer that occurred after the initial appearance, the government also seeks detention under 18 U.S.C. § 3142(2)(B). The obstruction was detailed by the government in its proffer before Judge Strauss on March 31, 2021.

[2] The government is requesting a transcript of the March 31, 2021, hearing.

The motion shall be determined promptly.

7. On the government's motion to review a release order, this Court considers *de novo* the Magistrate Judge's denial of pretrial detention. In its discretion, the Court may proceed to rehear the evidence by recalling the witnesses, reviewing transcripts, or by proceeding through proffer and argument. It may take additional evidence from new witnesses or consider arguments not raised previously. In short, the Court may proceed as best enables it to resolve the question posed: whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community?

8. The defendants must be held pending trial because they pose a danger to the community, they present a risk of flight, and Defendant Spencer poses a serious risk to obstruct justice. Here, a grand jury has already determined by probable cause that the defendants committed the charged offense of Conspiracy to Distribute 400 grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl (Case No. 21-CR-145). Additionally, Defendant Dawodu has been charged in a related case for his involvement in a related darknet conspiracy, which also involves a mandatory minimum sentence of 10 years of incarceration and also triggers a rebuttable presumption in favor of detention (Case No.21-CR-163).

12. Under the relevant detention statute, pretrial detention must be supported by clear and convincing evidence when the justification involves the safety of the community. *U.S. v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987).

13. The district court should consider the same statutory factors considered by the magistrate judge, including (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community, and the risk of flight,

which would be posed by the defendant's release.  18 U.S.C. § 3142(g).  Consideration of these factors as to the defendant are detailed in the Attached Memorandum in Aid of Detention (Exh. A), and as can be further detailed at a hearing on the matter, warrants the defendants' pretrial detention in this case.[3]

**WHEREFORE**, the United States respectfully prays this Honorable Court to convene a hearing to review the denial of the government's motion to detain the defendants without bond pending trial.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar No. 415793

By:             /s/
LAURA CRANE
DC Bar No. 992454
RACHEL FLETCHER
Texas Bar No. 24078505
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20001
(202) 252-7667 (Crane)
(202)252-7093 (Fletcher)
Laura.crane@usdoj.gov
Rachel.Fletcher@usdoj.gov

---

[3] The detention hearing on March 31, 2021, related to Case No. 21-CR-145(JDB).  However, the facts and circumstances of Case No. 21-CR-163 (JDB), further support Detention of Defendant Dawodu.