"Let this be filed.

_____   Date
John D. Bates
U.S. District Judge"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,        CRIMINAL NO.21-CR-145 (JDB)
vs.
LUIS MIGUEL TEIXERA-SPENCER,
    Defendant.
_____/

**MEMO IN SUPPORT OF UPHOLDING BAIL ORDER FROM THE SOUTHERN DISTRICT OF FLORIDA**

COMES NOW, the defendant Luis Miguel Teixera-Spencer, by and through the undersigned attorney, and files this memo in support of the instant court upholding the Order from the Southern District of Florida granting bail in this case. The defendant states as follows:

1. "In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." United States v. Salerno, 481 U.S. 739, 755 (1987) The Bail Reform Act of 1984 provides limited exception to pretrial release only if the court can find, based upon the evidence presented, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The court makes its decision on whether the defendant is a "flight risk" or "danger

1

to the community." <u>United States v. Vasquez-Benitez</u>, 919 F.3d 546, 550 (D.C. Cir. 2019)

2. The United States Magistrate for the Southern District of Florida, in granting Spencer bail, found that "there are conditions I can set that will reasonably assure the safety of the community and (inaudible) … reasonably assure that he won't continue the alleged conduct while on bond." (T – pg 55-56) The court weighed the statutory criteria and found that (1) the offense was serious given its involvement with Fentanyl, (2) while the weight of the evidence was a lot stronger than the defense had characterized it, "it is still based on a lot of circumstantial evidence.", (3) that Spencer has minimal criminal history (T – pg 55; Exh 1 Def), (4) while Spencer does have ties to the country of Cape Verde "he also has ties to the United States and has been here, as Mr. Fleischman said, since he was 11 years old. I do note that while there is a detainer against him, according to the Pretrial Services report, he has at least sought to remain here through the DACA program, and that suggests to me that although Immigration may not ultimately give him a choice, he does want to remain." (T – pg 55-56; Exh 1 Gov), (5) "the lack of criminal history involved suggests to me there's not substantial evidence here that he is not going to be deterred by the significant conditions of bond under

which he will be subject." (T – pg 56).

3. The court's findings were supported by the evidence presented during the detention hearing.

    a. The defense exhibit regarding his prior charge in Rhode Island confirms that his only prior criminal history is a misdemeanor offense. (Exh 1 Def)

    b. Directed to immigration detainer and risk of flight, Spencer cannot be released on bail until such time as the detainer is lifted or he is released on an immigration bond. Spencer has retained an immigration attorney to address the detainer and release, at least temporarily, from immigration custody. (T – pg 46) As noted by the court, Spencer has been in the U.S. from age eleven, and has no plans to return to Cape Verde. He has made every effort in the past and now, to remain in this country, the criminal charges notwithstanding. The immigration hold itself takes away any risk of flight because Spencer first must obtain a ruling form DHS, at a minimum, which grants him an immigration bond prior to even being able to be released in the instant case on bail. (T – pg 46, 49) Further, Spencer has excellent ties to the U.S. and would reside at his Aunt's residence in Rhode Island on electronic monitor house arrest if released on bail.

(T – pg 44-45, 49, 57-58)

c. Spencer was never observed with a firearm or other weapon, nor were any found belonging to him during a search of his home or target location. Additionally, Spencer has no prior acts of violence. (T – pg 19, 49)

d. While there were bitcoin transactions linked back to Spencer's bitcoin account and email (T – pg 32, 43), the government was not able to say whether a review of the bitcoin transactions matched up with actual dates that drug transactions took place, and further, how many people other than Spencer had access to that same bitcoin (Coinbase) account. (T – pg 27-28)  Further, none of the persons interviewed who had purchased drugs, or confidential informants, identified Spencer as a seller, no drugs were found in Spencer's home, and no narcotics were located that the government can say came directly from Spencer. Spencer was never seen with the co-defendant Dawodu during any of the mail drops alleged to have occurred by Dawodu during which drugs were later intercepted by agents opening the packages.  (T – 19-22)

4. Summarizing, the government did not prove that Spencer is a risk of flight if released on bail, and did not prove that Spencer presents an

identified and articulable threat to an individual or community, required for pretrial detention.  <u>Salerno</u>, 481 U.S. at 750-751.  Here, the United States Magistrate crafted and imposed conditions of bail that assure Spencer will return to court and not present a danger to person or the community while on bail. The combinations of monetary bail, and strict release conditions imposed in the instant case "reasonably assure the appearance of the person as required and the safety of any other person and the community." Based on the evidence presented at the detention hearing, the instant case does not fall within the category of cases whose circumstances meet the criteria for pretrial detention. See, eg., <u>United States v. Simpkins</u>, 826 F.2d 94, 95-96 (D.C. Cir. 1987)

WHEREFORE, defendant Luis Miguel Teixeira-Spencer, files this memo in support of the instant court upholding the ruling in the Southern District of Florida, imposing bail in this case.

/s/ <u>Jack A. Fleischman</u>
FLEISCHMAN & FLEISCHMAN, P.A.
Jack A. Fleischman
2161 Palm Beach Lakes Blvd., Ste. 403
West Palm Beach, FL 33409
Phone  561-585-3666
Fax   561-471-8343
Fla. Bar No.: 0714534
Email (CM/ECF): fflaws@gmail.com
Email (personal):  jf@ffjustice.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing Memo was electronically served this <u>11th day of April, 2021</u>, on all counsel of record and AUSA Laura Crane, U.S. Attorney's Office, District of Columbia.

/s/<u>Jack A. Fleischman_____</u><br>
Jack A. Fleischman

cc: Client

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,    CRIMINAL NO.21-CR-145 (JDB)
vs.
LUIS MIGUEL TEIXERA-SPENCER,
     Defendant.
_____/

# INDEX TO DEENDANT'S EXHIBITS 1

| Description | Page(s) |
|---|---|
| Exhibit 1<br>Defendant's Rhode Island case showing case pleaded as a misdemeanor and Rhode Island Statute | 1 – 4 |

/s/ Jack A. Fleischman
FLEISCHMAN & FLEISCHMAN, P.A.
Jack A. Fleischman
2161 Palm Beach Lakes Blvd., Ste. 403
West Palm Beach, FL 33409
Phone  561-585-3666
Fax    561-471-8343
Fla. Bar No.: 0714534
Email (CM/ECF): fflaws@gmail.com
Email (personal):  jf@ffjustice.com

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Exhibits were served this <u>11th day of April, 2021</u>, on all counsel of record and AUSA Laura Crane, U.S. Attorney's Office, District of Columbia.

/s/<u>Jack A. Fleischman</u>_____<br>Jack A. Fleischman

cc: Client

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### REQUEST TO ENTER PLEA OF NOLO CONTENDERE OR GUILTY

| 1. STATE OF RHODE ISLAND VS. Luis Teixeira Spencer | 2. CASE NO. P2-2017-1125A |
|---|---|
| 3. CHARGES Ct. 1 - Obtaining money under false pretenses over $1500  Ct. 2 - forgery | 4. PENALTY Ct. 1 - 5 yrs ACI  Ct. 2 - 1 yr ACI |

I, the above named defendant, do hereby request Court permission to withdraw my present plea of Not Guilty and to enter a plea of **Nolo Contendere or Guilty**. I understand the plea of **Nolo Contendere** is for all purposes the same as a plea of Guilty and that I will be admitting sufficient facts to substantiate the charge(s) which has (have) been brought against me in the case to which this plea relates. I understand by changing my plea I will be giving up and waiving each and all of my rights as follows:

1. My right to a trial by jury or by a Judge, sitting without a jury, and my right to appeal to the Supreme Court from any verdict or finding of guilt.
2. My right to have the State prove each and every element of the charge(s) against me by evidence and proof beyond a reasonable doubt.
3. My right to the presumption of innocence.
4. My privilege against self-incrimination.
5. My right to confront and cross-examine the State's witnesses against me.
6. My right to present evidence and witnesses on my own behalf and to testify in my own defense if I choose to do so.
7. My right to appeal to the Rhode Island Supreme Court from the sentence imposed by the Court after the entry of my plea of **Nolo Contendere or Guilty**.
8. My right to have the Court obtain and consider a pre-sentence report before the imposition of sentence by the Court.
9. My right to file a motion for a reduction in sentence.

No promises have been made by my Attorney, the State's Attorney, or the Court, other than the fact the Court has agreed to impose the following sentence in addition to whatever money costs are imposed by law.

**5. SENTENCE**
Amended Ct 1 - Obtaining money under false pretenses under $1500
1 yr. filing restitution $3000 to be
Ct 2 - 48A waive costs pd today

I understand if the Court imposes the sentence referred to above, I will not be permitted to withdraw my plea of Nolo Contendere or Guilty except by permission of the Court.
*I also understand that this conviction will result in the loss of my right to vote only if I am incarcerated and for as long as I an incarcerated, and that my voting rights will be restored upon my release.*
**I UNDERSTAND THAT IF I AM A RESIDENT ALIEN, A SENTENCE IMPOSED AS A RESULT OF MY PLEA MAY RESULT IN DEPORTATION, EXCLUSION OF ADMISSION TO THE UNITED STATES, AND/OR DENIAL OF NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES, AND THAT THIS COURT WILL HAVE NO CONTROL OVER THOSE PROCEEDINGS**
I have discussed the entire contents of this form with my Attorney, who has explained it to me. I have no questions as to what it states or what it means, and I understand it completely. I swear to the truth of the above.

| 6. WITNESS (Attorney for the Defendant)   Date 10/6/17 | 7. DEFENDANT   Date 10-06-17 |
|---|---|
| Signature | Signature |
| Print Name Arton Colera  Reg# 5902 | Print Name Luis Spencer |

J-1 (REV. 02-07)        (CERTIFICATE OF JUDGE ON REVERSE SIDE)

17 OCT -6 PM 12:34

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
## SUPERIOR COURT

## CERTIFICATE OF JUDGE

| 1. STATE OF RHODE ISLAND VS. | 2. CASE NO. |
|---|---|
|  |  |

This certifies that the defendant has come before me, in the presence of counsel, and presented the attached request, affidavit and attorney's certification. Thereupon, I addressed the defendant personally in open court, and established by responses to my questions that the defendant has been fully informed of the contents of the affidavit, all of the rights enumerated therein, and the nature and consequences of this plea as set forth therein. The defendant has also been made aware of the range of punishment which might be imposed, as well as any assurances made to the defendant by counsel, the prosecuting attorney or the court regarding a sentence. The Court finds the defendant has the capacity to understand all of the above.

I have also been satisfied by the prosecutor's statement of the facts, the defendant's answers, and the content of the affidavit that there is a factual basis for the plea. I find this plea is made voluntarily, intelligently, and with knowledge and understanding of all matters set forth in the attached request and affidavit.

| 3. JUSTICE Signature | Date 10/6/?? |
|---|---|

J-1 (REV. 02-07)   (REQUEST TO ENTER PLEA OF NOLO CONTENDER OR GUILTY ON REVERSE SIDE)

3/30/2021, Section 11-41-5 - Penalties for larceny. :: 2013 Rhode Island General Laws :: US Codes and Statutes :: US Law :: Justia

Case 1:21-cr-00145-JDB Document 10 Filed 04/14/21 Page 11 of 12

**View the 2019 Rhode Island General Laws** | View Previous Versions of the Rhode Island General Laws

# 2013 Rhode Island General Laws
# Title 11 - Criminal Offenses
# Chapter 11-41 - Theft, Embezzlement, False Pretenses, and Misappropriation
# Section 11-41-5 - Penalties for larceny.

**Universal Citation:** RI Gen L § 11-41-5 (2013)

**§ 11-41-5 Penalties for larceny.** – (a) Any person convicted of any offense under §§ 11-41-1 – 11-41-6, except § 11-41-3, if the value of the property or money stolen, received, embezzled, fraudulently appropriated, converted, or obtained, received, taken, or secreted by false pretenses or otherwise with intent to cheat, defraud, embezzle, or fraudulently convert exceeds one thousand five hundred dollars ($1,500), or if the property is a firearm as defined in § 11-47-5.1, regardless of its value, shall be punished by imprisonment for not more than ten (10) years or by a fine of not more than five thousand dollars ($5,000), or both. If the value of the property or money does not exceed one thousand five hundred dollars ($1,500), the person shall be punished by imprisonment for not more than one year, or by a fine of not more than five hundred dollars ($500), or both. Any person convicted of an offense under § 11-41-2 who shall be found to have knowingly obtained the property from a person under eighteen (18) years of age, notwithstanding the value of the property, shall be punished by imprisonment for not more than ten (10) years or by a fine of not more than five thousand dollars ($5,000), or both.

(b) Any person convicted of an offense in violation of §§ 11-41-1 – 11-41-7, except § 11-41-3, which involves a victim who is a person sixty-five (65) years of age or older at the time of the offense and which involves property or money stolen, received, embezzled, fraudulently

3/30/2021	Section 11-41-5 - Penalties for larceny. :: 2013 Rhode Island General Laws :: US Codes and Statutes :: US Law :: Justia

Case 1:21-cr-00145-JDB  Document 10  Filed 04/14/21  Page 12 of 12

appropriated, converted, or obtained, received, taken, or secreted by false pretenses or otherwise with intent to cheat, defraud, embezzle, or fraudulently convert, with a value in excess of five hundred dollars ($500), shall be punished by imprisonment for not less than two (2) years but not more than fifteen (15) years or by a fine of not more than five thousand dollars ($5,000), or both. If the value of the property or money does not exceed five hundred dollars ($500), the person shall be punished by imprisonment for not less than one year but not more than five (5) years or by a fine of not more than three thousand dollars ($3,000), or both.

History of Section.
(G.L. 1896, ch. 279, § 11; G.L., ch. 279, § 16; C.P.A. 1905, § 1175; P.L. 1908, ch. 1521, § 1; G.L. 1909, ch. 345, § 16; G.L., ch. 345, § 18; P.L. 1915, ch. 1258, § 10; G.L. 1923, ch. 397, § 18; G.L. 1938, ch. 608, § 18; G.L. 1956, § 11-41-5; P.L. 1979, ch. 224, § 1; P.L. 1980, ch. 318, § 1; P.L. 1984, ch. 278, § 1; P.L. 1985, ch. 287, § 1; P.L. 1987, ch. 90, § 1; P.L. 1988, ch. 271, § 1; P.L. 1991, ch. 38, § 1; P.L. 1993, ch. 324, § 1; P.L. 2012, ch. 137, § 1; P.L. 2012, ch. 176, § 1.)

**Disclaimer:** These codes may not be the most recent version. Rhode Island may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.