UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUIS MIGUEL TEIXEIRA SPENCER,<br><br>Defendant. | Criminal Action No. 21-145 (JDB) |

## MEMORANDUM OPINION & ORDER

On March 9, 2023, this Court entered judgment sentencing Luis Miguel Teixeira Spencer for his participation in a drug conspiracy. Spencer did not appeal. One year and four months later, Spencer moved for relief under 28 U.S.C. § 2255. The motion came too late: time-barred by § 2255's one-year statute of limitations, the motion is denied.

### Background

From 2017 to 2020, Spencer used his proficiency with cryptocurrency and the dark web to facilitate and disguise a wide-ranging drug conspiracy. See Statement of Offense [ECF No. 30] at 1–5, 9–11. For this conduct, Spencer pleaded guilty to conspiracy to distribute fentanyl. See Plea Agreement [ECF No. 29] at 1; Judgment [ECF No. 54] at 1. Spencer's charge carried a ten-year mandatory minimum sentence of incarceration, see 21 U.S.C. §§ 846, 841(b)(1)(A)(vi), and his sentencing guidelines range cashed out well above that at 210 to 262 months (seventeen and a half to almost twenty-two years), see Presentence Investigation Report [ECF No. 50] ("PSR") at 21.

The PSR explained that Spencer was ineligible for the "safety valve" that rewards some defendants with a lower guidelines range and an escape from otherwise-applicable mandatory minimum sentences. This was so for at least one reason, or maybe two: first, Spencer had not "debriefed with the government"; and second, according to the government, Spencer was "an

1

organizer, leader, manager, or supervisor of others in the offense." PSR at 14; see U.S.S.G. § 5C1.2(a)(4)–(5); 18 U.S.C. § 3553(f)(4)–(5). Spencer and his counsel reviewed the PSR and did not object. See PSR at 29; Sent'g Tr. [ECF No. 65] at 2.

As part of the plea, the government agreed to recommend a sentence well below Spencer's guidelines—somewhere from ten years (the mandatory minimum) to fourteen. See Plea Agreement at 2. And because the plea came pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), if the Court accepted the plea it was bound to sentence within that range. See United States v. Ginyard, 215 F.3d 83, 87 (D.C. Cir. 2000). The plea also waived a number of Spencer's rights, including his right to appeal and to pursue collateral relief except, inter alia, on the basis of ineffective assistance of counsel. See Plea Agreement at 8–9.

All involved upheld the bargain. The government urged the Court to sentence Spencer to fourteen years in prison. See Sent'g Tr. at 8. Spencer's counsel asked for ten. Id. at 21. The Court landed somewhere in the middle at 150 months, or twelve and a half years. Id. at 29. In the process, the Court commented that Spencer was ineligible for the safety valve for the same reasons the PSR had recited: "in part because of his leadership involvement in this conspiracy, but also, perhaps more importantly, because he did not debrief with the government." Id. at 6. After imposing the sentence, the Court alerted Spencer that he had fourteen days from the entry of judgment to file an appeal if he wished to do so. Id. at 34.

The Court entered judgment on March 9, 2023. See Judgment at 1.[1] Spencer did not appeal, and his opportunity to do so expired fourteen days later, on March 23. See Fed. R. App. P. 4(b)(1)(A)(i).

---

[1] The sentencing occurred February 6, 2023, and the judgment is signed the following day. See Judgment at 1. However, the judgment seems not to have been posted to the docket until a month later (March 7) and not "entered" on the docket until two days after that (March 9). Which of these dates judgment was "entered" for purposes of

Approximately fifteen and a half months later, on July 9, 2024, Spencer filed the pro se 28 U.S.C. § 2255 motion now before the Court. See Mot. Under 28 U.S.C. § 2255 [ECF No. 63] ("Mot.") at 11.[2]  The motion asserts that Spencer's trial counsel was constitutionally ineffective for (1) failing to pursue the safety valve and (2) failing to advise Spencer of the fourteen-day deadline to notice an appeal. Id. at 4–5.  In Spencer's view, neither of the two grounds for ineligibility was valid, as he was not a leader of the conspiracy and he did debrief with the government.  As relief, Spencer requests an evidentiary hearing to determine his safety-valve eligibility. Id. at 11.

After the government responded, see U.S.'s Opp'n to Mot. [ECF No. 69] ("Opp'n"), Spencer filed a new document styled a "final" § 2255 motion, see Submission of Final § 2255 Motion and Supporting Docs. [ECF No. 70] ("Reply").  Along with it, Spencer moved for discovery regarding the government's internal discussions of his cooperation to determine whether, at the time of his sentencing, the government truly viewed Spencer as ineligible for safety-valve relief on the ground that he had not fully debriefed. See Reply at 16–18.[3]

**Analysis**

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" Clay v. United States, 537 U.S. 522, 524 (2003) (quoting 28 U.S.C. § 2255(f)(1)).

---

§ 2255's statute of limitations doesn't matter, as Spencer's motion is tardy regardless.  The Court therefore assumes the March 9 date most generous to Spencer.

[2] The motion was docketed on July 15, but the mailbox rule instructs the Court to consider it filed on the date Spencer placed it in the prison mailing system—here, July 9, 2024. See Mot. at 11; Owlfeather-Gorbey v. Avery, 119 F.4th 78, 86–87 (D.C. Cir. 2024).

[3] Although the Court will treat (and label) this filing generally as a reply, it will give all arguments and requests made in it full consideration as if they had been included in the original motion, consistent with the generous construction afforded pro se litigants' filings.  See Brown v. Whole Foods Mkt. Grp., 789 F.3d 146, 150, 152 (D.C. Cir. 2015).

By that measure, Spencer's motion comes undisputedly late: his conviction became final when his opportunity to seek appellate review expired fourteen days after judgment—March 23, 2023—and he didn't file his § 2255 motion until July 9, 2024.  See, e.g., United States v. King, Crim. A. No. 18-318 (JDB), 2022 WL 579483, at *3 (D.D.C. Feb. 25, 2022).

      Spencer advocates for a later (though unspecified) start to the one-year clock.  See Reply at 4.  Section 2255 provides three dates other than the date of finality from which its statute of limitations can run.  See United States v. Pollard, 416 F.3d 48, 54 (D.C. Cir. 2005); 28 U.S.C. § 2255(f).  The date Spencer invokes here is the date on which "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  § 2255(f)(4).  But Spencer "identifies no facts" that have emerged since "the time of sentencing" that would explain why he didn't file this motion sooner.  United States v. Satizabal, 190 F. Supp. 3d 183, 185 (D.D.C. 2016).  Without specifying further, Spencer gestures towards "newly discovered evidence" in the form of "post-sentencing internal government communications and shifting interpretations of [his] cooperation," Reply at 4, but does not supply any basis to believe such communications or interpretations exist.

      As it turns out, Spencer's discovery motion confirms that he has not come into any new "facts supporting the claim" that would justify his tardiness.  That motion seeks the facts he claims to have—"internal government communications" about Spencer's safety-valve eligibility and the like. Id. at 16–17.  But if Spencer doesn't have those communications, then nothing has changed since his sentencing.  He knew then everything he knows now: that he believed he had debriefed with the government and that his attorney nevertheless didn't pursue safety-valve relief.  And he could have speculated then the same thing he can speculate now: that the government possesses internal communications showing that he in fact debriefed to its satisfaction.  So the newly-

discovered-facts exception plays no role here. Even if such facts exist (and Spencer gives no reason to believe that they do), they would not excuse Spencer's failure to pursue relief earlier.

The same goes for the second ground of ineffectiveness Spencer puts forth. Indeed, for this one—his counsel's purported failure to advise him of the fourteen-day deadline to notice an appeal—he doesn't even speculate about any new facts that would permit him to raise the claim late. See Reply at 6. And note in any event that the Court advised Spencer of the deadline at his sentencing hearing. See Sent'g Tr. at 34–35.

In sum, the default deadline—one year from the date on which Spencer's conviction became final, see 28 U.S.C. § 2255(f)(1)—applies here, and Spencer missed it. That said, the Court notes that even a timely motion would have been unlikely to succeed. This is so for a number of reasons, see Opp'n at 11–23, but most straightforward is that Spencer likely cannot show that any (hypothetical) deficiency in his counsel's performance prejudiced him, see Strickland v. Washington, 466 U.S. 668, 694 (1984). Spencer's argument is that the mandatory minimum need not have tied the Court's hands. See Reply at 3 ("Defendant was subjected to an unjust mandatory minimum sentence that the law did not require."). But the Court's hands were tied not only by the mandatory minimum but also by the binding plea agreement, which independently prohibited the sentence from dipping below ten years. And in any event, if the Court's hands were tied, they did not chafe against the constraints: the Court sentenced Spencer to 30 months above the mandatory minimum.[4] In these circumstances—even making additional dubious assumptions about Spencer's eligibility for the safety valve and his counsel's deficient performance—Spencer would struggle mightily to establish that he was prejudiced.

---

[4] The safety valve would also have decreased Spencer's guidelines range, but even the lower range—168 to 210 months, or fourteen to seventeen and a half years—would have exceeded the sentence the Court ultimately imposed and the range provided by the binding plea agreement. See Opp'n at 17 n.9.

5

Finally, Spencer's reply raises arguments that purport to go beyond the ones just addressed but in fact boil down to his safety-valve grievance. For instance, Spencer argues that his plea was not knowing and voluntary because he offered it due to faulty advice—about his eligibility for the safety valve. See Reply at 4. And Spencer adds to his appeal-based claim not only that his counsel left him in the dark about the deadline but also that he didn't appeal due to faulty advice—again about his eligibility for the safety valve. Id. at 6. For the reasons explained, these claims are not only likely unmeritorious but, more to the point, out of time.

In light of the above, the Court will not hold an evidentiary hearing; will deny Spencer's motion for discovery; and will deny a certificate of appealability. On the first, a court may deny a § 2255 motion without a hearing when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b); see United States v. Aguiar, 894 F.3d 351, 361 (D.C. Cir. 2018), and Spencer's motion is plainly untimely, see United States v. Allen, 241 F. Supp. 3d 101, 106 (D.D.C. 2017). On the second, Spencer, as a habeas petitioner, "is not entitled to discovery as a matter of ordinary course" but must instead raise "specific allegations" giving cause to believe that he "may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." Bracy v. Gramley, 520 U.S. 899, 904, 908–09 (1997); see also United States v. Bell, Crim. A. No. 17-2347 (TNM), 2022 WL 2191688, at *5 (D.D.C. June 18, 2022). Spencer cannot so demonstrate both because he presents nothing more than "mere speculation that discoverable material exists," Bell, 2022 WL 2191688, at *5 (cleaned up), and because even if such material existed it could not excuse his late motion, meaning he would remain unentitled to relief. And on the third, a certificate of appealability shall not issue because Spencer cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Satizabal, 190 F. Supp. 3d at 185–86; 28 U.S.C. § 2253(c)(2). The clear-cut untimeliness of Spencer's motion, combined with its doubtful merit, leaves little room for debate.

## Conclusion

For the reasons given above, the Court **DENIES** Spencer's motion for § 2255 relief; **DENIES** Spencer's motion for discovery; and **DENIES** Spencer a certificate of appealability. **SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: June 17, 2025